**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**DOCKET NO. 5:24-CR-28-1M**

| | | |
|---|---|---|
| **United States Of America** | ) | **ORDER MODIFYING SUPERVISION** |
| | ) | |
| vs. | ) | |
| | ) | |
| **David Barry Burns** | ) | |
| | ) | |

On September 17, 2024, David Barry Burns appeared before the Honorable Richard E. Myers II, Chief United States District Judge in the Eastern District of North Carolina, and upon a plea of guilty to Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a), was sentenced to the custody of the Bureau of Prisons for a term of time served. Additionally, it was ordered by the court that the defendant be placed on supervised release for 60 months upon release from imprisonment. David Barry Burns was released from custody and the term of supervised release commenced on September 17, 2024.

On January 9, 2025, a Request for Modification of Conditions of Supervised Release was submitted to the court stating the defendant attended a psycho-sexual assessment at Integrated Behavioral Healthcare Services on November 13, 2024, and it was recommended that additional conditions be added to the defendant's conditions of supervised release. The defendant refused to sign a Waiver of Hearing To Modify Conditions And/Or Extend Term of Supervision and requested that a hearing be held.

From information presented at the motion hearing on April 25, 2025, the court ordered that supervised release be modified to include the following conditions:

1. The defendant shall not possess any illegal pornographic material, including any materials depicting and/or describing "child pornography" and/or "simulated" child pornography as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be readily accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

2. At the direction of the U.S. Probation Officer and with the request of his treatment provider, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

3. The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation Officer.

4. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.

5. The defendant shall not use, possess, or control any computer-based counter forensic tools. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the U.S. Probation Officer with any and all passwords required to access data compressed or encrypted for storage by any software upon reasonable suspicion a violation has taken place.

6. The defendant shall not loiter within 1000 feet of any area where minors frequently congregate (e.g., parks, school property, playgrounds, arcades, amusement parks, day-care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, and circuses) without prior written permission from the U.S. Probation Officer.

7. The home detention condition shall be suspended for 90 days when requested to allow the defendant to manage his legal requirements in Michigan. The remainder of the home detention condition shall remain in place.

This the 28th day of April, 2025.

Richard E. Myers II
Chief United States District Judge